FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 1 1 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GERMAIN CANO, ERIC CEPHUS, KEVIN
DARNELL, PETER EPPEL, MICHAEL GLENN,
DEBORAH GONZALEZ, TRAVIS GORDON,
JACQUELINE GUARINO, KEITH JENNINGS,
WESLEY JONES, JAHMEL LAWYER, GREGORY
MAUGERI, MICHAEL MCGHEE, DMITRIY
MILOSLAVSKIY, YVONNE MIND, STEVEN
MODES, NAKAITA MOORE, KERRY SCOTT,
PHILLIP SINGLETON, MICHAEL SPALANGO,
RAYMOND TUCKER, NANCY VIGLIONE, ELLI
VIKKI, individually and on behalf of a
class of all others similarly situated,

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

13 Civ. 3341 (WFK)(VVP)

Plaintiffs,

vs.

CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, FIRST DEPUTY
COMMISSIONER RAFAEL PINEIRO, CAPTAIN
KENNETH KOBETITSCH, CAPTAIN WILLIAM
TOBIN,

Defendants.
------------------------------------------------------------x

**WHEREAS** Germain Cano, Eric Cephus, Kevin Darnell, Peter Eppel, Michael Glenn, Deborah Gonzalez, Travis Gordon, Jacqueline Guarino, Keith Jennings, Wesley Jones, Jahmel Lawyer, Gregory Maugeri, Michael McGhee, Dmitriy Miloslavskiy, Yvonne Ming (proceeding herein as Yvonne Mind), Steven Modes, Nakaita Moore, Kerry Scott, Phillip Singleton, Michael Spalango, Raymond Tucker, Nancy Viglione, and Elli Vikki commenced this action by filing a complaint in the United States District Court for the Eastern District of New York on or about June 12, 2013, as amended and filed on August 7, 2013, and as further amended and filed on September 12, 2013;

**WHEREAS** Jamel Lawyer and Nakaita Moore discontinued their claims against the defendants (Dkt. Nos. 27, 29, 30, 31);

WHEREAS Peter Eppel and Elli Vikki are now deceased and their estates did not seek to be substituted as plaintiffs (Dkt. Nos. 26, 119);

WHEREAS the remaining plaintiffs Germain Cano, Eric Cephus, Kevin Darnell, Michael Glenn, Deborah Gonzalez, Travis Gordon, Jacqueline Guarino, Keith Jennings, Wesley Jones, Gregory Maugeri, Michael McGhee, Dmitriy Miloslavskiy, Yvonne Ming, Steven Modes, Kerry Scott, Phillip Singleton, Michael Spalango, Raymond Tucker, and Nancy Viglione (collectively "Plaintiffs") continued to prosecute this case;

WHEREAS Plaintiffs withdrew their proposed class action claims and their requests for declaratory or injunctive relief (Dkt. No. 41);

WHEREAS Plaintiffs discontinued their claims against former Police Commissioner Raymond Kelly and former First Deputy Police Commissioner Rafael Pineiro (Dkt. Nos. 61, 62);

WHEREAS Plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

WHEREAS Defendants City of New York, former Police Commissioner Raymond Kelly, former First Deputy Commissioner Rafael Pineiro, Captain Kenneth Kobetitsch, and Captain Williams Tobin (collectively "Defendants") deny any and all liability arising out of Plaintiffs' allegations; and

WHEREAS Plaintiffs and Defendants (together, the "parties") now desire to resolve the issues raised in this action without further proceedings and without admitting any fault or liability;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through the undersigned, as follows:

1. The above-referenced action is hereby dismissed against all Defendants,

with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York shall pay Plaintiffs the total sum of $401,000.00, of which $151,000.00 shall be payable to the Plaintiffs, broken down as follows:

$10,000.00 for Germain Cano;

$5,000.00 for Kevin Darnell;

$5,000.00 for Michael Glenn;

$5,000.00 for Travis Gordon;

$15,000.00 for Jacqueline Guarino;

$5,000.00 for Keith Jennings;

$5,000.00 for Wesley Jones;

$10,000.00 for Gregory Maugeri;

$9,000.00 for Michael McGhee;

$5,000.00 for Dmitriy Miloslavskiy;

$5,000.00 for Yvonne Ming;

$15,000.00 for Steven Modes;

$6,500.00 for Kerry Scott;

$10,000.00 for Michael Spalango;

$10,000.00 for Raymond Tucker;

$10,000.00 for Nancy Viglione;

$5,000.00 for Phillip Singleton;

$6,000.00 for Eric Cephus;

$9,500.00 for Deborah Gonzalez;

and $250,000 in attorneys' fees and expenses incurred on behalf of the Plaintiffs, in full satisfaction of all claims that were or could have been raised in this action, including all claims for damages, costs, expenses, and attorneys' fees. The payments to each Plaintiff will be made in the form of a one party check, payable to each Plaintiff, and mailed, care of, to Plaintiffs' counsel Michael Hueston, Esq. at 16 Court Street, Suite # 1800, Brooklyn, New York 11241; except for the check to Plaintiff Wesley Jones, which will be in the form of a two party check issued to Plaintiff Wesley Jones and Attorney Izabel Olszowa Garcia, 26 Court Street, Suite # 1815, Brooklyn, New York 11242. The payment of attorneys' fees will be made by checks, payable to:

Richard Cardinale, Esq. 26 Court Street, Suite # 1815, Brooklyn, New York 11242, in the amount of $65,604.97;

Andrew S. Rendeiro, P.C., 16 Court Street, Suite # 1717, Brooklyn, New York 11241, in the amount of $65,604.96;

Michael Hueston, Esq., 16 Court Street, Suite # 1800, Brooklyn, New York 11242, in the amount of $65,604.96;

Scott A. Korenbaum, Esq., 11 Park Place, Suite # 914, New York, New York 10007, in the amount of $30,642.57;

Bergstein & Ullrich, LLP, 5 Paradies Lane, New Paltz, NY 12561, in the amount of $17,133.48; and

Izabel Olszowa Garcia, Esq., 26 Court Street, Suite # 1815, Brooklyn, New York 11242, in the amount of $5,409.06.

3. In consideration of the payments described in paragraph "2" above, Plaintiffs agree to dismiss and discontinue, with prejudice, all claims asserted in this action, and to release the City of New York, the New York City Police Department, former Police Commissioner Raymond Kelly, former First Deputy Police Commissioner Rafael Pineiro,

Captain William Tobin, and Captain Kenneth Kobetitsch, their heirs, successors, and assigns, and all past and present officials, employees, representatives, and agents of the City of New York and the New York City Police Department from any and all liability, claims and/or rights of action, whether known or unknown, that Plaintiffs raised or could have raised in the Complaint, Amended Complaint, or Second Amended Complaint in this action, including all claims for costs, expenses and attorneys' fees incurred in connection with this action.

4. Plaintiffs shall execute and deliver to Defendants' undersigned attorney all documents necessary to effect this settlement, including General Releases executed for each Plaintiff and each of Plaintiffs' counsel based on the terms of paragraph "3" above, Affidavits of No Liens executed by each Plaintiff, and tax identification numbers and executed substitute W-9 forms for each Plaintiff and each of Plaintiffs' counsel. All payments of the amounts described in paragraph "2" above are conditioned upon delivery of all of these documents (for every one of the Plaintiffs and for every one of the Plaintiffs' counsel) to Defendants' undersigned attorney.

5. Nothing contained herein shall be deemed to be an admission by Defendants of any of Plaintiffs' allegations, nor an admission by any Defendant that they (or any of them) have in any manner or way violated any of Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, charters, by-laws, rules, or regulations of the United States, the State of New York, or the City of New York, or any other rules, regulations, or bylaws of any department or subdivision of the City of New York or the New York City Police Department.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

7. Plaintiffs and Plaintiffs' counsel shall be responsible for the payment of any federal, state and/or local taxes on the payments specified in paragraph "2" above.

8. This Stipulation shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as necessary to enforce its terms.

9. This Stipulation contains all of the terms and conditions agreed upon by the parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the parties, or to vary the terms and conditions contained herein.

10. A facsimile or photocopied signature shall be deemed valid for all purposes.

Dated: April 18, 2018
New York, New York

| | |
|---|---|
| MICHAEL HUESTON, ESQ.<br>Attorney for Plaintiffs<br>16 Court Street, Suite #1800<br>Brooklyn, NY 11241<br>(718) 246-2900<br>mhueston@nyc.rr.com | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street<br>New York, NY 10007<br>(212) (212) 356-0886<br>Fax: (212) 356-2089<br>ngiovana@law.nyc.gov |
| By: _____<br>Michael O. Hueston | By: _____<br>Neil Giovanatti<br>Assistant Corporation Counsel |

SO ORDERED:

s/ WFK II
_____
William F. Kuntz, II
U.S.D.J.